Finch, J.
The evidence made it possible for the jury to conclude that the defendants obtained control of the leather shipped to Hamburg by a process which began in deception, and ended in an infringement of the rights of the true owner. While in form the property was delivered to Schroeder, to be sold for the benefit of David Moral, who, at the time, was entitled to the proceeds—and this was done with the consent of plaintiff—in fact Schroeder was but the agent of defendants, selling the property under their direction, accounting to them, and in the end paying the proceeds over upon their order. Before that occurred the rights of David Moral was gone. He took merely as surety to guard against his own liability. The plaintiff has compromised with his creditors, giving his notes indorsed by David Moral, and further secured by the mortgage of the latter upon real estate ; and for his security all the assets were turned over to him, by the assent of the assignor and assignee and of the creditors. When the compromise notes were all paid out of the assets so transferred, and the liability of David Moral was extinguished, he ceased to have .any interest in or ownership of the assets remaining, and Schroeder held for the plaintiff, who was the true owner. When defendants drew their draft for these proceeds, and obtained them, their duty was to pay them over to plaintiff. They perfectly understood the situation. They drew upon Schroeder, in the fall of 1876, or the first half of the next year. In the July proceeding, judgment went against David Moral, demonstrating that, after all his liability as surety was extinguished, he had left of the pledged property about $4,000, and judgment went against him for that amount.
We must assume that the Hamburg shipment was not included in that accounting and embraced in the judgment, for two reasons. At that time the property had not been sold, and the referee’s report shows that Moral was charged with “balance of cash on hand,” and certain specified bills receivable, collected and uncollected, and these items alone make up the judgment. No evidence to the contrary was given, and that might easily have been done if the Hamburg shipment had in any manner been included in the accounting. The judgment in that action was brought to the knowledge of the defendants by the formal service of a copy upon them. In addition, there was then pending against them an action by the plaintiff for the conversion of the leather, which involved a direct assertion of his title, and a denial of David Moral’s, and which failed in the end, because, when commenced, the defendants had not caused it to be sold, or meddled with its proceeds. When, there *8 fore, they drew from Schroeder, through their assumed agency for David Moral, the proceeds of the leather, and deposited them to his credit with their French bankers, they took money which no longer belonged to Moral, but did belong to plaintiff, and paid it over to the credit of one not the owner, with full knowledge of the termination of the surety’s right, and the restoration of the plaintiff’s. Their interference was needless, except as they stood bound for the safety of the fund in the hands of Schroeder, whose fidelity they had guaranteed, but their guaranty was to Moral alone, and for his protection. When the latter ceased to have an interest in or right to that fund, and the defendants were fully informed of plaintiff’s title, their interference had no justification. Apparently, they chose to champion David Moral’s lost right, and invade the plaintiff’s. They procured the latter’s consent to the transfer to Schroeder, and his direction to the consignee to make such delivery, if not by the false assertion that they had attached the leather, at least by encouraging plaintiff’s belief, in some manner acquired, that such was the fact. Practically Schroeder’s custody was their custody, for he did nothing without their consent, and everything upon their demand. While_ David Moral’s right lasted, and they acted for him and with his assent, they could defend upon his title ; but when that disappeared, and they knew it, no shadow of an excuse remained for their interference. Their taking and deposit of the money amounted to a conversion.
_ Other points raised have been examined, but do not convince us that the judgment rendered was erroneous.
The judgment should be affirmed, with costs.
All concur, except Sapallo, J., absent.